IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE MALCOLM COLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | Civil Action No. 1:18-cv-05901-ELR |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

      **This is a medical malpractice case.**

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Between January and April 2016, Plaintiff was seen and treated by various employees of the Defendant for various health issues, including an infection. He was treated, in part, with antibiotics. In April 2016, Plaintiff was diagnosed with MRSA. In August 2016, Plaintiff was admitted to the VA hospital and treated by an infectious disease specialist. Between August 2016 and the present, medical procedures were performed on various parts of Plaintiff's body including his left ankle, bilateral psoas muscles, left forearm and lumbar vertebrae.**

(c) The legal issues to be tried are as follows:

**1. Whether Defendant was negligent and violated the applicable standard of care in failing to monitor, assess, diagnose and treat the Plaintiff in a timely manner;**

**2. Whether any alleged negligence on the part of the Defendant proximately caused Plaintiff's injuries; and**

**3. The nature and extent of Plaintiff's damages**.

(d) The cases listed below (include both style and action number) are:

  i. Pending Related Cases: **N/A**

  ii. Previously Adjudicated Related Cases: **N/A**

2. This case is complex because it possesses one or more of the features listed below:

| | | |
|---|---|---|
| ☐ | (1) | Unusually large number of parties |
| ☐ | (2) | Unusually large number of claims or defenses |
| ☒ | (3) | Factual issues are exceptionally complex |
| ☐ | (4) | Greater than normal volume of evidence |
| ☒ | (5) | Extended discovery period is needed |
| ☐ | (6) | Problems locating or preserving evidence |
| ☐ | (7) | Pending parallel investigations or action by government |
| ☒ | (8) | Multiple use of experts |
| ☐ | (9) | Need for discovery outside United States boundaries |

| ☒ | (10) Existence of highly technical issues and proof |
|---|---|
| ☐ | (11) Unusually complex discovery of electronically stored information |

**The Parties' Position:** This case is complex because it involves many fact witnesses and the use of multiple expert witnesses. Some of Plaintiff's medical records are still being located by the Parties. Further, there are technical issues of proof, given the length of Plaintiff's treatment. The Parties submit this case is appropriate for at least an 8-month discovery track.

3. **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| Plaintiff | J. Callen Sparrow |
| | Heninger Garrison Davis, LLC |
| Defendant | Samuel H. Williams |
| | U.S. Attorney's Office |

4. **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes __X__ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to this Action:**

(a) The following persons are necessary parties who have not been joined: **N/A**

(b) The following persons are improperly joined as parties: **N/A**

3

 (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **N/A**

 (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Federal Rule Civil Procedure 15. Further instructions regarding amendments are contained in LR 15.

 (a) List separately any amendments to the pleadings that the parties anticipate will be necessary: None.

 (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

 (a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

 (b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

 (c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The Parties agree that Initial Disclosures are due on September 9, 2019.**

**9.     Request for Scheduling Conference**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The Parties do not request a Scheduling Conference at this time.**

**10.    Discovery Period**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**<u>The Parties' Position</u>:  Discovery will be needed on the facts underlying Plaintiff's claims, Defendant's liability, and Plaintiff's damages. Both parties anticipate the disclosure and depositions of expert witnesses.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The Parties' Position: The parties jointly request that this case be assigned to the 8-month discovery track due to the large amount of discovery involved and the anticipated use of multiple experts on each side.**

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

    (a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

    The Parties' Position: **The parties do not expect any changes at this time**.

    (b) Is any party seeking discovery of electronically stored information?

    _____ Yes   __X__ No

If "yes,"

    (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

    (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **Other Orders**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Not at this time.**

13. **Settlement Potential**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **August 23, 2019**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):

**/s/ J. Callen Sparrow,**
**Heninger Garrison Davis, LLC**

Other participants: Travis Lynch

For Defendant: Lead counsel (signature):

**/s/ Samuel Williams,**
**U.S. Attorney's Office**

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery
(_____) A possibility of settlement after discovery
(_____) A possibility of settlement, but a conference with the judge is needed.
(__X__) No possibility of settlement.

(c) Counsel (_____) do or (_x_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **N/A**.

7

    (d)    The following specific problems have created a hindrance to settlement of this case:

**There is insufficient information at this time to engage in meaningful settlement discussions.**

## 14. Trial by Magistrate Judge

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

    (a)    The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.

    (b)    The parties ( **X** ) do not consent to having this case tried before a magistrate judge of this Court.

[*Signature page follows*]

Respectfully submitted, this 6th day of September, 2019.

| | |
|---|---|
| Heninger Garrison Davis, LLC<br><br>By: */s/ J. CALLEN SPARROW*<br>J. Callen Sparrow, admitted PHV<br>Erik S. Heninger, GA Bar No. 346783<br>Heninger Garrison & Davis, LLC<br>2224 1st Avenue North<br>Birmingham, Alabama 35203<br>Telephone: (205) 326-3336<br>Facsimile: (205) 326-3332<br>jcsparrow@hgdlawfirm.com<br>erik@hgdlawfirm.com<br><br>Travis E. Lynch, GA Bar No. 162373<br>Heninger Garrison & Davis, LLC<br>3621 Vinings Slope, Suite 4320<br>Atlanta, Georgia 30339<br>Tel. (404) 996-0867<br>Fax (205) 326-3332<br>tlynch@hgdlawfirm.com<br><br>*Attorneys for Plaintiff* | U.S. Attorney's Office<br><br>By: /s/*SAMUEL H. WILLIAMS*<br>Samuel H. Williams<br>Assistant United States Attorney<br>Georgia Bar No. 49622<br>Samuel.Williams2@usdoj.gov<br>600 U.S. Courthouse<br>75 Ted Turner Drive SW<br>Atlanta, GA 30303<br>Tel: (404)581-6000<br>Fax: (404)581-6181<br><br><br>*Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of the filing to all counsel of record.

                                           */s/ J. CALLEN SPARROW*
                                           Of Counsel